No. 20,099.

BOARD OF DIRECTORS OF SUMMIT SCHOOL DISTRICT No. RE-1, ETC., ET AL. *v.* JOHN M. JEFFREY, ET AL.

(370 P. [2d] 447)

Decided March 26, 1962. Rehearing denied April 23, 1962.

Mr. A. L. LAING, Mr. FRED W. MATTSON, Mr. A. B. MATTSON, Mr. FRED W. MATTSON, JR., for plaintiffs in error.

Messrs. BOYLE & WITTY, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THIS action was commenced by defendants in error who filed their complaint in their own behalf as well as in behalf of all persons similarly situated. They will be referred to as plaintiffs. Plaintiffs in error, to whom we will refer as the board, were defendants in the trial court.

The judgment entered by the trial court restrained the school board from constructing a school building on a certain site selected by the board, and upon which school buildings and facilities had been planned.

Plaintiffs allege in their complaint that the school district involved is a district of the "first class" formed under the Reorganization Act of 1957. They rely on C.R.S. '53, 123-10-3 (4) which provides, inter alia:

" * * * In districts of the first class and second class the boards, after organization, shall exercise all the power given to the electors of school districts of the third class, as specified in section 123-10-51."

The section last mentioned contains the following:

"The qualified electors * * * when assembled at any regular or special meeting, shall have power:

* * *

"(3) To fix the site for each school house, taking into consideration in doing so the wants and necessities of the people of each portion of the districts."

Plaintiffs allege that the fixing of each school site, and the "taking into consideration in doing so the wants and necessities of the people of each portion of the districts," is a quasi-judicial function.

. . It is further alleged that the board abused its discretion in the selection of a site located on United States Forest Land, and proposed to spend approximately $1,000,000.00 in the construction of school facilities on said land under a thirty-year permit from the United States Forest Service, and that the term of the permit extends far beyond the term of office for which any of the board members were elected; and that the school board had no jurisdiction to act as contemplated. Further, that the board arbitrarily selected the site in question; that said board failed and refused to ascertain the wants and necessities of the people in each portion of the district; that even though no specific direction concerning notice and hearing appears in the above mentioned act of 1957, a reasonable notice to the electors in the district and an opportunity for a hearing on the question of the location of a school site, is necessarily implied; and that no notice of such hearing was given by the board.

By answer the board admitted that Summit School District No. RE-1 is a school district of the first class organized under the Act of 1957, and that the individual defendants constitute its Board of Directors; that the site selected by said board is owned by the United States and that the permit in question extends beyond the term of office of the individual defendants, and denied that the action of the board was arbitrary or in excess of its jurisdiction. The board admitted that three different sites were submitted to and considered by the board, and denied that it failed to ascertain the wants and necessities of the district.

The board alleged that there was urgent need for providing a new school facility due to the building of a large dam at Dillon, Colorado, which would call for destruction of the existing school facilities, and that the site selected was obtained without cost, and by the terms of the permit for use of the land in the event that the Government terminated the permit, the district would be reim-

bursed for the value of the improvements placed on said site.

Following trial, the court entered findings and judgment, in part, as follows:

"THE COURT CONCLUDES as a matter of law that the Defendants and Respondents did abuse their discretion and did exceed their jurisdiction in that they failed to give opportunity for an expression of the wants and necessities of the people of each portion of the district as contemplated by the pertinent statutes and laws of the State of Colorado.

"IT IS HEREBY ORDERED that a Writ of Prohibition in due form of law be issued out of and under the seal of this Court addressed to the Respondents, Board of Directors of Summit School District No. Re-1, otherwise Summit County School District Re-1, otherwise School District No. Re-1 in the County of Summit and State of Colorado, otherwise Summit County Highschool District Re-1 in the State of Colorado, and Walter Byron, R. B. Wellington, James Capp, Leland Sharp, Melvin I. Long, and Margaret (Margo) May, individual members of the Board of Directors of the aforesaid School District, commanding said Respondents to desist and refrain absolutely from any further proceedings looking to the carrying out of the construction of school facilities on the site so selected by said Respondents."

The question presented for determination is whether the trial court erred in holding that the school board abused its discretion or acted in excess of its jurisdiction in the matter of selection of the site for the school building. The question is answered in the affirmative.

There is no provision in the statute which requires the governing body of school districts of the first class to hold a district-wide public meeting, with published notice thereof as a means of "taking into consideration * * * the wants and necessities of the people of each

portion of the districts," prior to making a selection of a site upon which to erect school facilities.

It has been a matter of public knowledge for a number of years that the Board of Water Commissioners of the city of Denver was going to build a dam at or near Dillon, Colorado; that such action would bring about the demolition of most of the buildings in the town of Dillon including the old schoolhouse. For many months the work connected with the construction of the dam has gone forward and it is inconceivable that any resident of the school district would be without knowledge of the fact that it would be necessary to erect new school buildings.

The members of the school board reside in widely separated localities in the district. Over a period of more than two years many meetings were held by the school board, at which the site for a new schoolhouse was discussed. All those meetings were open to the public and many citizens attended giving expression to their views. The undisputed evidence shows that each member of the board was asked to present the matter to his or her constituents and several local meetings were held to discuss the matter. Individual members of the board, and citizens of the district, discussed the matter from time to time, and by that procedure the several members of the board were made aware of the "wants and necessities of the people of each portion" of the district.

It is argued on behalf of plaintiffs that the school board could not lawfully build a school building on government land under a permit covering a period of time exceeding the terms of the respective members of the board.

The 1957 Reorganization Act, C.R.S. '53, (Perm. Supp. 123-25-24) under which the respondent school district was organized, provides that the district shall:

" * * * be and become a body corporate under the name, style and number in the plan, and in that name may take, hold and convey property, both real and personal, and be a party to suits and contracts *in the same*

*manner and form as municipal corporations of the state;* * * * " (Emphasis supplied.)

C.R.S. '53, 139-61-1, pertaining to the powers of municipal corporations provides:

"In order to provide necessary land * * * for governmental or proprietary purposes, any municipal corporation of this state is hereby authorized to enter into long term rental or leasehold agreements, * * *. Such agreements may include an option or options to purchase and acquire title to such leased or rented property within a period not exceeding the useful life of such property, and in no case exceeding thirty years. * * * "

 The above statutes make it clear that the board had the power "to enter into long term rental or leasehold agreements" which should not exceed thirty years in duration. The permit issued by the government contained provisions which gave ample protection concerning the investment to be made on the property by erection of improvements thereon. There was ample evidence produced at the hearing tending to support the action of the school board as being in furtherance of the best interests of the district as a whole. The board had the benefit of studies conducted by the State Director of Education as well as the recommendations of other experts in the field of education.

We find nothing in the record before us to justify a finding that there was an abuse of discretion on the part of the board, or that it lacked jurisdiction to act as it did. The case of *School District v. Perry,* 126 Colo. 443, 250 P. (2d) 1010, involved an entirely different factual situation. Our opinion in that case is no authority for the position of plaintiffs in this action.

The judgment is reversed and the cause remanded with directions to dismiss the action.

MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.