Mr. Raymond E. Carper Property Tax Administrator Division of Property Taxation Department of Local Affairs 623 State Centennial Building 1313 Sherman Street Denver, Colorado 80203
Dear Mr. Carper:
QUESTION PRESENTED AND CONCLUSION
Reference is made to your letter of May 11, 1979, to the attorney general, wherein you inquire whether or not personal property in the nature of office copy machines leased by First National Leasing of California to Colorado State University and Poudre R-1 School District is tax exempt pursuant to C.R.S. 1973, 31-15-801
and 31-15-802.
My conclusion is "no."
ANALYSIS
C.R.S. 1973, 31-15-801 authorizes "any municipality" to enter into long term rental or leasehold agreements, upon passage of an ordinance duly enacted by the municipality. C.R.S. 1973,31-15-802 exempts property acquired or occupied pursuant to such an agreement from taxation so long as it is "used for authorized governmental or proprietory functions of municipalities."
It is imperative to note that the two statutes currently refer to municipalities, and not to "municipal corporations" as they did prior to the 1975 repeal and reenactment. Thus, the case ofBoard of Directors of Support School District No.RE-1 v. Jeffrey, 149 Colo. 579, 370 P.2d 447 (1962), can clearly be distinguished from the current law. In that case, the court found that because school districts had certain powers "in the same manner and form as municipal corporations of the state," the predecessor to C.R.S. 1973, 31-15-801 applied to school districts. However, not only was the statute amended, but so was C.R.S. 1973, 22-32-101. This latter statute, establishing the corporate status of school districts, no longer refers to "municipal corporations." The word "municipality," while not defined in part 8 of article 15, title 31, C.R.S. 1973, is defined in C.R.S. 1973, 31-1-101 as follows:
 31-1-101. Definitions. As used in this title, except where specifically defined, unless the context otherwise requires:
. . . .
 "Municipality" means a city or town and, in addition, means a city or town incorporated prior to July 3, 1877, whether or not reorganized, and any city, town, or city and county which has chosen to adopt a home rule charter pursuant to the provisions of article XX of the state constitution.
Clearly, neither a state university nor a school district falls within the purview of the definition. Significant also is the language in C.R.S. 1973, 31-15-801 providing, in part, that any long-term rental or leasehold agreement "shall be concluded by anordinance . . . ." (Emphasis added.) The word "ordinance" is normally used to designate legislative enactments of the legislative body of a municipality not the rules and regulations prescribed by a board of education of a school district adopted pursuant to C.R.S. 1973, 22-32-109. While a school district is a political subdivision of the state (Bagby v. School District No. 1, 186 Colo. 428,528 P.2d 1299 (1974)), it is not a "municipality" as defined in C.R.S. 1973, 31-1-101 nor is Colorado State University even though the latter, through the state board of agriculture, has statutory authority to adopt ordinances (C.R.S. 1973, 23-31-108).
SUMMARY
Accordingly, it is the opinion of this office that personal property leased from the First National Leasing Company of California to Colorado State University and Poudre R-1 School District is not exempt from taxation.
Very truly yours,
 Stephen H. Kaplan First Asst. Attorney General General Legal Services SINCE ITS ISSUANCE THIS OPINION LETTER WAS ADOPTED AS A FORMAL OPINION OF THE ATTORNEY GENERAL BY ATTORNEY GENERAL J.D. MacFARLANE
TAXATION AND REVENUE SCHOOL DISTRICTS MUNICIPAL CORPORATIONS
C.R.S. 1973, 31-15-801
C.R.S. 1973, 31-15-802
C.R.S. 1973, 22-32-101
C.R.S. 1973, 31-1-101
LOCAL AFFAIRS, DEPT. OF Property Taxation, Div. of
This opinion holds that personal property leased to Colorado State University and Poudre R-1 School District is not exempt from taxation as neither fall within the definition of "municipality" as defined in C.R.S. 1973, 31-1-101.